UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                       NO: 07-7735

EVARISTUS B. MACKEY, JR., ET                 SECTION: "J" (4)
AL.

**ORDER AND REASONS**

Before the Court is the Government's **Motion for Judgment of Default or in the Alternative, Motion for Summary Judgment (Rec Doc. 5)**. This motion, which is not opposed, was set for hearing on January 21, 2009 on the briefs.[1] Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the Government's motion should be granted.

---

[1] This motion was previously granted by the Court and Judgment was entered in favor of the Government on August 29, 2008. Rec. D. 20. That Judgment was subsequently vacated on the Government's motion because the Defendant was not properly served with a copy of the original motion for default judgment. Rec. D. 25. The current motion was then reset for hearing on January 21, 2009. Id. In compliance with this Court's order the Government has filed notice in the record that the Defendant was properly served with the motion. Rec. D. 36. The Defendant has not filed any opposition to the complaint or this motion.

## Background

On June 5, 2001, a jury convicted Evaristus B. Mackey, Jr. of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Mackey's case was tried in the Eastern District of Louisiana before Judge Martin L.C. Feldman. The United States was represented in the case by Assistant United States Attorney Duane Evans. Following his conviction, Judge Feldman sentenced Mackey to imprisonment for a term of 327 months. Mackey appealed and the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence on May 22, 2002. Since Mackey's conviction and sentence were affirmed on appeal he has attempted to file numerous other appeals. As a result of Mackey's latest attempt to appeal, the Government has asked the Fifth Circuit to warn and sanction him for unauthorized, repetitious, and frivolous motions.

Since being imprisoned, Mackey has filed and attempted to file numerous Uniform Commercial Code ("UCC") financing statements and involuntary bankruptcy petitions against Duane Evans and Judge Feldman. On July 19, 2004, Mackey filed a UCC financing statement with the Office of the Recorder of Mortgages for the Parish of Orleans declaring himself both a debtor and secured party and requesting that Duane Evans respond to the filing or face "default." On April 17, 2007 Mackey filed a UCC

2

financing statement amendment. More recently, Mackey has filed UCC financing statements with the Indiana Secretary of State. In September 2007, Mackey attempted to file in the Eastern District of Louisiana an involuntary bankruptcy against Judge Feldman and Duane Evans. This attempted filing was rejected by the bankruptcy court for failure to use the proper forms. Subsequently, Mackey attempted another involuntary bankruptcy filing that was rejected because involuntary bankruptcy proceedings cannot be instituted against more than one debtor. Mackey has further signaled in correspondence to the bankruptcy court his intention to attempt to initiate involuntary bankruptcy proceedings against Judge Feldman and Duane Evans in the Middle District of Louisiana.

### **Parties' Arguments**

The Government initiated this action on its own behalf and on behalf of Judge Feldman and Duane Evans seeking declaratory relief to prevent Mackey from continuing to file frivolous UCC financing statements and involuntary bankruptcies against those involved in his prosecution and conviction. Specifically, the Government seeks to void any liens, affidavits, involuntary bankruptcy petitions, or other instruments that have been filed by Mackey in state or federal court, or in the public records of any state, county, parish, or municipality that affect the

3

property or assets of Judge Feldman or Duane Evans.[2] The Government also seeks to enjoin Defendant Mackey from filing in any court or public records office any liens, affidavits, bankruptcy petitions, or other instruments that affect the property or assets of Judge Feldman or Duane Evans without prior written authorization from this Court.

Mackey was properly served with the Complaint and Summons. After Mackey failed to answer the complaint, the Government moved for entry of default, which default was entered by the Clerk of this Court on May 20, 2008. Subsequently, the Government filed this motion for default judgment, or alternatively, summary judgment. The Government argues that under Federal Rule of Civil Procedure 55 default may be granted when a party fails to plead or otherwise defend a case. The Government has requested summary judgment in the alternative if this Court finds that Defendant Mackey has responded to this motion, or otherwise answered the complaint.

Following the entry of an order granting entry of default, Mackey filed on June 2, 2008 a document that is titled "Foreign Commercial Affidavit." Nowhere in this document, including attachments, does Defendant Mackey respond to or in any way

---

[2] Carol Carter has filed an answer as the successor to Desiree M. Charbonnet as the Recorder of Mortgages for the Parish of Orleans. Under Louisiana law, the recorder of mortgages has no discretion to refuse to file frivolous liens.

address the allegations in the Complaint.  The document is best described as containing nonsensical and incoherent rants.  In addition, this document, for the first time suggests that UCC financing statements have been filed in Indiana.  After the Government filed the present motion, Defendant Mackey filed another document that has been labeled an affidavit.  Like the prior filing, this document in no way addresses the Complaint in this case or the pending motion for default and summary judgment.

## Discussion

Federal Rule of Civil Procedure 55 provides that, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b)(2) further provides that a party that is entitled to a judgment by default shall apply to the court for such a judgment.  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  <u>Sun Bank v. Pelican Homestead & Sav. Ass'n</u>, 874 F.2d 274, 276 (5th Cir. 1989).  To analyze a request for default judgment the court should consider a number of factors, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused

by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998)(citation omitted).

Based on the relevant factors, a default judgment is proper in this case. Mackey has not answered the complaint or responded to the Government's motion. He has filed two affidavits that contain nonsensical rants that in no way relate to this case, except for the suggestion that additional UCC financing statements have been filed in Indiana. Neither of these affidavits can be construed as an answer or response to the pending motion. There are no issues of material fact regarding Defendant Mackey's behavior and no prejudice will result from a default judgment. Further, Defendant Mackey has no excuse for his failure to answer the complaint or respond to the Government's motion. He is clearly aware of this case since he has filed two affidavits. The Government has established grounds for a default judgment and this Court has no indication that a default judgment would be set aside if the Defendant moved for such relief. Although a default judgment is an extraordinary remedy, it is warranted in this case. Accordingly,

**IT IS ORDERED** that the Government's **Motion for Judgment of Default or in the Alternative, Motion for Summary Judgment (Rec**

**Doc. 5)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all liens, affidavits, involuntary bankruptcy petitions, or other instruments filed by Evaristus B. Mackey, Jr. or anyone in active concert and participation with him, in any state or federal court, or in the public records of any state, county, parish, or municipality, that purports to attach, encumber, or otherwise affect the property or assets of the Honorable Martin L.C. Feldman, and/or Assistant United States Attorney Duane Evans are invalid, null, void, and of no effect.

**IT IS FURTHER ORDERED** that all liens, affidavits, involuntary bankruptcy petitions, or other instruments filed by Evaristus B. Mackey, Jr. or anyone in active concert and participation with him be expunged from the public record or that a copy of this Order be filed with such liens, petitions, or other instruments to give notice of their invalidity. The United States Attorney is directed to forward a copy of this Order to all courts or government agencies in which such liens, affidavits, petitions, or instruments are filed or recorded. The United States Attorney may petition this Court for an award of costs for this procedure at the appropriate time.

**IT IS FURTHER ORDERED** that Evaristus B. Mackey, Jr. and all those in active concert and participation with him are **ENJOINED**

and **RESTRAINED** from filing in any state or federal court or in the public records of any state, county, parish, or municipality any lien, affidavit, bankruptcy petition, or instrument purporting to attach, encumber, or otherwise affect the property or assets of the Honorable Martin L.C. Feldman and/or Assistant United States Attorney Duane Evans without prior written authorization from this Court.  Violation of this Order is ground for the lien or instrument to be discarded or otherwise expunged from the public records and will be considered contempt of this Court.

**IT IS FURTHER ORDERED** that Evaristus B. Mackey, Jr. and all those in active concert and participation with him are **ENJOINED** and **RESTRAINED** from giving notice to any person, credit agency, corporation, or other entity of the existence of any lien, affidavit, or instrument, whether filed or unfiled, purporting to attach, encumber, or otherwise affect the property or assets of the Honorable Martin L.C. Feldman and/or Assistant United States Attorney Duane Evans without prior written authorization from this Court.  Violation of this Order will be considered contempt of this Court.

**IT IS FURTHER ORDERED** that Evaristus B. Mackey, Jr. and all those in active concert and participation with him are **ENJOINED** and **RESTRAINED** from communicating with or attempting to contact

the Honorable Martin L.C. Feldman and/or Assistant United States Attorney Duane Evans, for any reason, by any means, including, but not limited to, motions, notice, letters, or copies of legal instruments.

**IT IS FURTHER ORDERED** that the Clerk of Court for the United States District Court for the Eastern District of Louisiana and the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Louisiana are ordered not to accept any filing from Evaristus B. Mackey, Jr. without prior written authorization from this Court.

New Orleans, Louisiana, this 18th day of February, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE